12, 658-18, -19, -20, -21

Dec. 26, 2014

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 02 2015

Gary Wayne Barnes
TDCJ -ID 318814
1100 FM-655, Ramsey
Rosharon, Texas 77583

TEXAS COURT OF CRIMINAL APPEALS, Clerk
CLERK, ABEL ACOSTA
P.O. BOX 12308
CAPITIOL STATION
Austin, Texas 78711

Abel Acosta, Clerk

Re; Wr- 12, 658-18,
19, 20 and 21;

Dallas Tr. Ct. No. 's
F-80-016530-J
F-81-01027-J
F-81-01105-J
F-81-02518-J

Dear clerk;

Enclosed Please fine the movants NOTICE OF APPEAL pursuant a Brief with the attachments the ehhibits showing that the movant requests NOTICE OF APPEAL to the Chapter 64.04 Motion for dna testing as required by the Texas Code of Criminal Procedures, ; in a showing that the movant was Granted DNA testing by the convicting court;

Through no fault of the Movant the court tested the evidence of a unrelated set of offenses, evidence that has nothing to do with the crimes to which the movant was convicted.

This evidence was filed in the crime Lab (6) monthe prior to and before the commission of the offenses to which movant was comvicted;

The movant has been impeaded from the actual crime scence evidence by a court ORDER filed in the Convicting court on June 25, 2009 by said Judge; This Sealing of the files and records has a 'Equaltable Tolling , as such has 'impeaded' the filing of the movants Habeas application until these files was mailed to the movant on May 16, 2014, see habase application pending page 7.

Dus to the nature of the confidential and sealed files movant request that a copy of this document be mailed to the Dallas Clerk;
Gary Fitzsimmons
frank crowley court Building LB 12
Dallas Texas 75207-4313

Respectfully Submitted;

Dec.26, 2014;

# IN THE TEXAS COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| Gary Wayne Barnes Sr, | § | Appeal from the Dallas |
| movant, | § | county , Criminal District |
| VS. | § | Court Three; ; |
| | § | Order denying TNA Testing; |
| THE STATE OF TEXAS | § | |
| | § | CCA NO. WR_-12,658-18,19,20 and 21 |
| | § | |

## NOTICE OF APPEALS

TO THE HONORABLE JUSTICES:

I Gary Wayne Barnes Sr. the Pro SE movant in cause number of Dallas county convictions in indictments F-80-016530-J F-81-01105-J, F-81-01027-J and F-81-02518-J request to file an appeal in the above numbered causes in the Article 64.04 findings as the court ORDER is signed on the 11,th Day of Dec. 2014.

The movant files notice of Appeal Pre Texas Code of Criminal Procedures Chapter 64.04 supported by his contemporaneously filed Memorandum and applicatant attachements and Exhibits in support of the Writ of Habeas Corpus presently pending in the above entitled petition numbers;

Per Texas Code of Criminal Procedures chapter 64.04 by use and by reference thereto the materials contained in movant's attached MOTION FOR DNA TESTING , contemporaneously filed Memorandum in Sopport of the Writ of Habeas Corpus with movants Attachements and Exhibits reflects the following;

On Feb. 20 2009, the movant was granted DNA testing and testing was premitted by the DPS with the results released on May 13, 2009. The court held a result hearring on June 8, 2009 and durring the hearing it became apperrant that thur no fault of the movant the State had tested the "Wrong evidence";

1. the actual crime scence evidence was withhheld and replaced with evidence of an un-related set of offenses;

2. The evidence that was tested is not the actual crime scence evidence for offenses that was committed on July 4, 1980 as the SWIFS , crime lab files presently shows the evidence tested in file numbers 80-p-1632 and 80-p-1635 was filed

Appeal Page 1.

in the SWIFS crime Lab in the Month of Feb 6, 1980 (6) months prior to and before the date of the commission of the offenses, being committed.

## I.

In this case the movant will establish Equatable Tolling of extraordiniary circumstances justifying the delay in obtaining the newly discovered, newly presented evidence in the presentation of a 'ORDER' of the convicting court, having all records and files sealed.

The evidences records and files was Ordered Sealed by the convicting Court Judge on June 25, 2009 which has worked to inpead the movant from obtaining the withheld actual crime scence evidence.

On June 8, 2009 the movant filed an objection in open court that the court take Judicial Notice concerning the findings of the results of the chapter 64.04 as the evidence was faulty and not the aactual crime scence evidence as the results was contridictory to the sworn testimony and the statements of the victims that prior to the offenses being committed she had never had a sexual intercourse with a male or a females!

The Results in the test results states that the DNA profiles of a un-Known Male and Three un-known and un-identified females profiles which is un-explainable in a case where the victims sworn statements and trial testimomy are a contridiction of the findings.

These findings along wlith the movants knowledge in knowing that he did not commit these offenses presents issues of the evidence is questionable;

## II.

On June 8, 2009 at the result finging hearing a women in the court gave a note to the Bailiff to give to the movant stating that the evidence was wrong, not the actual crime scence evidence. This was reflected in the movants Objections and request for Judicial notice.

The movant, was not allowed to file a Notice of appeal as the Judge rushed to seal the files as being confidential and by the same stroke of the pen the Judge approved an order for

Appeal Page 2.

the movant's court appointed attorney to withdraw as the attorney of records. (see Movants Habeas Corpus application page 7.)

The movant points to the case in McQuiggins V. Preking' 133 S. ct. 1924 (2013) Where the United States Supreme Court has held that a claim of actual innocence if proven is a gateway by which the movant can raise a claim of actual innocence.

In this Appeal the movant can show the exceptional set of circumstances in the convicting court filed a "ORDER" to Seal the Files, Records which has 'impeaded the movant from obtaining the files and the records that was mailed :to movant' on May 16, 2014 in a un-marked, no returnable postage legal envolope, mailed to the prison mail room that has been recorded as questionable legal mail with no-returable address not on movants mailing list.

The SWIFS lab files was mailed to the movant, and the movant did not and has not violated the court order, making copies of the files, but use the files as movant's Attachements and Exhibits A thur L in presenting the files in the movants Memorandum in Support of the Writ of Habeas Corpus showing that the actual crime scence evidence has not been presented to the court.

The movant has been convicted of offenses that was committed on July 4, 1980, but the evidence that has been presented to the court as states Exhibit 3 and tested by the DPS in file numbers 80-p-1632 and 80-p-1635 was on file in the SWIFS crime lab Feb. 6, 1980 (6) months prior to the offenses was committed.

The police report in the Dallas police Department files of number #307064-1 is also a filing that was filed in that department in the month on feb, 1980 and is not the case in the same transaction of the offenses committed on July 4, 1980 in the Dallas Police Department filing number of 506950-L same tranaction .

### III.

In the interest of justice in a miscariage of justice in the conviction of a innocence person where the actual crime scence evidence has been withheld this court is

in the position of a review of the files a    review    to    which
the movant    has been impeaded from presenting & from showing
due to the   June 25, 2009 court order   to seal the      files      as
confidential.

The    movants    Attachements    and    Exhibits    clearly shows
by  McQuiggins V. Perkins,  clear and    convicing    evidence   that
the actual crime scence has been withheld;

In the state not presenting the actual crime scence evidence
at the movants trial has deprived the movant of his constitutional
right   to due process and the right to legal sificient evidence
to support the verdicts, judgements and the sentences.

A review of the  files in this case will show that the convicting
court   has   already Granted the movant's Motion for DNA Testing
on   Feb.   19,   2009  (see    Attachement   and Exhibit A thur L and
attached    here   as    Exhibit   a)  through no eror of the movant
the state has tested the wromg evidence.

The   Judge of the convicting court has   stated in the records
that   the   movant   has   established   that   he is entitle to the
requirments   as   set of in the   statute   in requesting  DNA test-
ing   as authorized by   Chapter 64. 01, 02,and 03. (a) (2).

The movant can now   show   this   court   by   a   review of the
filing systems of the Dallas Police Department and the filing
systems of the Southwest Institute of Fresence Science Lab
that   the   actual   crime scence evidence   for the   offenses that
was   commiytted   on   July   4,  1980 is not the   evidence that was
submitted for testing in file   numbers   80-p-1632 and 80-p-
1635 tested in DPS file number   L1D-184098-2   with   the   results
of May 13, 2009.

Under   the holdings   of   Brady   V.   Maryland,   the movant
is actually innocence   when the actual evidence has been withheld
as the movant has been deprived of  his constitutional rights
to the fundmentals of due process.

Clear   and   convincing   evidence   is elXhibited   in the
filed   report of the SWIFS lab   attached here as Exhibit B,
dated   July 24,  2008  showing that the C. Jordan file has the
same file number as the Y. Oviedo file   as F-80-01027-J as this

Appeal Page 4.

same number is submitted to the Texas Department of Public Safety crime lab evidence record sheet 3/6/09 showing the same evidence file number of F-81-01027-J , that is the actual evidece of the file in the SWIFS tested evidence of 8Q-016530-J. this will now become(exhibit C.)

The movant has presented to this court clear and convicing evidence that supports the facts and the issues;

The movant request an appeal of the above facts and issus as the actual crime scence evidence in the above mentioned files sits at the SWIFS crime lab that proves that not only was the wrong evidence tested but the wrong evidence was present -ed at the movants trial, under the clear and convicing standards no jury in the world would have convicted the movant, if it had been known that the evidence was the evidence of a crime that has nothing to do with the offenses to which the applicant was on trial.

The evidence is no longer the issue in this case the court only need to petition the files of the SWIFS CRIME LAB and make a deter-manation a request for a AFFIDIVIT OF THE FILING SYSTEM a Question of what is the filing Date of the evidence in SWIFS file no. 80-P-1632 and 80-p-1635.

A request for a AFFIDIVIT OF THE FILING SYSTEM of the Dallas Police Department in the Police report of #307064-L is this file number for a offenses reported on July 4, 1980; is condict-ionary of a filed case in file number # 506950-L reported on July 4. 1980, in the same time and place.

The movant make these requests as the Judge of the convicting court still has a pending Order that the files are sealed as confidential and the movant is proceeding in Pro-se and is impeaded by such information being intentionally done when the movant made his objections in open court;

This 'impeadment by court order' is movants request to the united stated court of Appeals for the fifth Circuit in the application to premit the filing of the secessive 28 U.S.C. § 2254 in requesting equitable tolling due to the impeadment of the court "ORDER to SEAL THE RECORDS.

Appeal Page 5.



# SOUTHWESTERN
# INSTITUTE OF FORENSIC SCIENCES
## AT DALLAS

**FILED JUL 2 4 2008**

Forensic Biology Unit

5230 Medical Center Drive
Dallas, Texas 75235

July 11, 2008

| Investigating Agency: | Amy Murphy | Laboratory #: | 80P2971 |
|---|---|---|---|
| | Dallas County District Attorney's Office | Agency #: | 558910L |
| | Appellate Division | Cause #: | F80-01027-J |
| | 133 N. Industrial Blvd, LB 19 | Complainant: | Cynthia Jordan |
| | Dallas, TX 75207 | Defendant: | Gary Wayne Barnes |
| | | Offense: | Sexual Assault |

This report is in response to your request for the search of biological and trace evidence in this laboratory's evidence storage areas for the purpose of potential post-conviction DNA testing.

## EVIDENCE:

Received by B. E. Harwood from PMH OB-GYN/EOR locked cabinet on December 3, 1980:

K1.   Vaginal swab in saline
K2.   Vaginal smear on slide
K3.   Blood sample from victim
K4.   Pubic hair combings
K5.   Pubic hair cuttings
K6.   Anal smear on a slide

Submitted by W. R. Bricker on December 5, 1980:
K7.   Blue jeans
K8.   Bedspread

## RESULTS:

Item K2 and a slide made from item K7 were located in this laboratory's storage areas.

Items K1, K3, K4, K5, K6, K7 and K8 were not located in this laboratory's storage areas.

Analyst Initials

**DISPOSITION:**

Item K2 and a slide made from item K7 will remain in laboratory storage until further instructions are given.

Vicki Hall
Trace Evidence Examiner
**Direct Line: 214-920-5948**
**Fax: 214-920-5813**
**E-mail:vhall@dallascounty.org**

Tara D. Johnson, M.S.
Forensic Biologist II
**Direct Line: 214-920-5996**
**Fax: 214-920-5813**
**E-mail:tdjohnson@dallascounty.org**

cc:     Dallas Police Department, Crimes Against Persons Division

Analyst Initials

# Texas DPS Crime Laboratory Service Evidence Record Sheet

**03/06/09**

11:12 AM

| | | | |
|---|---|---|---|
| ☐ | AF | ☐ | LP |
| ☐ | BA\TOX | ☐ | NIB |
| ☐ | CS | ☐ | PHOTO |
| ☒ | DNA | ☐ | QD |
| ☐ | FTM | ☐ | TE |

**Laboratory Case Number**

# L1D-184098-02

☐ Resubmission  ☒ Additional Evidence

POST CONVICTION

**EXHIBIT B**

In Person

*James Hammond #44*
James Hammond

Received by Patricia Brannon

**Date Received**

| | |
|---|---|
| Date Completed A: | 5-16-09 |
| Section & Analysis by | DNA-JN |
| Reviewed: Tech: MH 5/13/09 | Adm: 5-16-09 |
| Report Mailed: | |
| Date Completed B: | |
| Section & Analysis by | |
| Reviewed: Tech: | Adm: |
| Report Mailed: | |
| Date Completed C: | |
| Section & Analysis by | |
| Reviewed: Tech: | Adm: |
| Report Mailed: | |

**Description:**     Properly Sealed 9x12 Yellow Envelope;

## Transfer Log (for court, return from court, at court, bar code unavailable, etc.)

| Date | To | From | Items\Exhibits\Comments |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

| **Forward Date** | To: | | Items: | | By |
|---|---|---|---|---|---|
| | ☐ U.S. Mail | | | | |
| | ☐ In Person | ------------------- | | |
| | ☐ UPS | | | |

| **Return Date** | ☐ All  ☐ Items: | | | By |
|---|---|---|---|---|
| | ☐ U.S. Mail | | | |
| | ☐ In Person | ------------------- | | |
| | ☐ UPS | | | |

| **Destruction Date** | Method | Transported by: | Witness | Witness |
|---|---|---|---|---|
| | ☐ Burning ☐ Flushing ☐ Contractor | ☐ Hand Carry ☐ Other: | | |
| ☐ Excess | ☐ Burning ☐ Flushing ☐ Contractor | ☐ Hand Carry ☐ Other: | | |

## Court Record (Whenever evidence is introduced or otherwise transferred at the courthouse, use the Transfer Log above)

| Date | Witness | T/A | City | CDFO | Outcome | Miles | Hours |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Notes**

CaseFile information entered: Submitting Officer-Agency-County-Offense Date-Agency Number

LAB/c-22 (Rev. 06/05)



# TEXAS DEPARTMENT OF PUBLIC SAFE
## CRIME LABORATORY SERVICE
### Laboratory Submission Form

**EXHIBIT B**

**L1D-184098**

Received
03/06/09 11:12 AM
Texas DPS Garland
Crime Laboratory

| | |
|---|---|
| **Agency Case Number** | F81-01027, F81-01105 F81-02518 |
| **Offense** | AGG RAPE, AGG RAPE, BURG HA |
| **Date of Offense** | 07-04-1980 |
| **County of Offense** | Dallas County |
| **Agency** | Dallas County D.A. |

Date Evidence Rec'd

### Case Contact Person

**Name** Amy Murphy

**Title** Assistant District Attorney

**Mailing Address** 133 N Industrial Blvd., LB19

**Phone** 214-653-3631  **Fax** 214-653-3643

**City, State Zip Code** Dallas, TX 75207-4399

**Email Address** ASMURPHY@DALLASCOUNTY.ORG

| Suspect | Victim | Name (Last, First Middle) | Race | Sex | DOB | DL# / SS# / ID# |
|---|---|---|---|---|---|---|
| ☒ | ☐ | Barnes, Gary Wayne | M | B | 11/23/1954 | SID 02270491 |
| ☐ | ☒ | O▓▓▓, Y▓▓▓ ( F81-01027 - Agg Rape) | | | | |
| ☐ | ☒ | R▓▓▓, E▓▓▓ ( F81-01105 - Agg Rape ) | | | | |
| ☐ | ☒ | R▓▓▓, J▓▓ (F81-02518 - Burg Hab) | | | | |

### Description of Evidence Submitted

| | Exhibit # | Number of Items | Description of Evidence | Origin | Exam Requested |
|---|---|---|---|---|---|
| 1. | 2 | 1 | Portion of SWIFS FL#08P1542 - buccal swab of Gary Barnes | F-80-16530 Gary Barnes | see Ct Order |
| 2. | 3 | 1 | SWIFS item K2 - FL#80P1632 Vaginal Smear from Victim Y▓▓▓ O▓▓▓ | Y▓▓▓ O▓▓▓ | see Ct Order |
| 3. | 4 | 1 | SWIFS item K2 - 80P1635 Vaginal Smear from victim E▓▓▓ R▓▓▓ | E▓▓▓ R▓▓▓ | see ct order |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |

For some non-drug cases, it may be appropriate to attach a copy of the offense report.

Please include brief case synopsis, unusual examination(s) requested, and/or relevant case priority information.

See Court Order

Are known standards (blood, saliva, hair, inked prints, clothing, fabrics, etc.) submitted for comparison? ☐Yes ☒No
Have any of these exhibits been previously analyzed by a laboratory? ☐Yes ☒No  Which ones?_____



# TEXAS DEPARTMENT OF PUBLIC SAFETY

DPS GARLAND CRIME LABORATORY
350 WEST IH 30
GARLAND, TEXAS 75043-5998
Voice 214-861-2190   Fax 214-861-2194

**LAMAR BECKWORTH**
**DIRECTOR**

May 13, 2009

**Serology\DNA Report**

COMMISSION
ALLAN B. POLUNSKY, CHAIR
C. TOM CLOWE, JR.
ADA BROWN
JOHN STEEN
CARIN MARCY BARTH

Assistant DA Amy Murphy
Dallas Co. Appellate Division
133 N. Industrial Blvd., LB 19
Dallas, Texas 75207

| Laboratory Case Number | Agency Case Number | Offense Date |
|---|---|---|
| L1D-184098 | F8101027 | 07/04/80 |

**Suspect(s)**
Barnes, Gary Wayne

**Victim(s)**
O████, Y████
R████, E████
R████, J████

**Offense:** Sexual Assault
**County of Offense:** Dallas (057)

## Evidence Submitted

In person by James Hammond on February 20, 2009:
1. Buccal swabs from Gary Barnes

In person by James Hammond on March 6, 2009:
2. Buccal swabs from Gary Barnes
3-1. Item K2 vaginal smear slide from Y███-C███ (Previously stained)
3-2 Item K2 vaginal smear slide from Y███-C███ (Unstained)
3-3. Item K2 vaginal smear slide from ████-D███ (Unstained)
4. Item K2 vaginal smear slide from E███-R███ (Previously stained)

## Requested Analysis

Perform Post-Conviction DNA analysis on the items submitted in accordance to the Court Order F81-01027-QJ, F81-01105-QJ, F81-02518-J in the Criminal District Court Number 3 of Dallas County, Texas.

## Results of Analysis and Interpretation

Spermatozoa, semen specific constituents, were detected on the two previously stained vaginal smear slides (Items 3-1 and 4). Apparent cellular matter was detected on the two remaining vaginal smear slides (Items 3-2 and 3-3). No apparent hairs or fibers were detected on the vaginal smear slides.

An attempt was made to extract DNA from evidentiary samples relating to this case. Both buccal swabs from Gary Barnes were extracted by a method that yields DNA. The vaginal smear slides (Items 3-1, 3-2, 3-3, and 4) were extracted using a method designed to yield two fractions: a fraction enriched for DNA from non-sperm cells usually associated with the victim (the epithelial cell fraction), and a fraction enriched for DNA from sperm cells (the sperm fraction). DNA typing was performed on these samples using the polymerase chain reaction (PCR). The following loci were examined: D8S1179, D21S11,

*ACCREDITED BY THE AMERICAN SOCIETY OF CRIME LABORATORY DIRECTORS – LAB ACCREDITATION BOARD*
COURTESY – SERVICE - PROTECTION

D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S433, vWA, TPOX, D18S51, Amelogenin, D5S818, and FGA.

The partial DNA profile from the sperm fraction of the first vaginal smear slide (Item 3-1) is consistent with a mixture from Gary Barnes and some unknown individual. Gary Barnes cannot be excluded as a contributor to the stain at the loci D8S1179, D3S1358, TH01, D13S317, D16S539, D19S433, vWA, TPOX, Amelogenin, D5S818, and FGA. At these loci, the probability of selecting an unrelated person at random who could be a contributor to the sperm fraction of the vaginal smear slide is approximately 1 in 5.679 million for Caucasians, 1 in 6.789 million for Blacks, and 1 in 1.038 million for Hispanics. The approximate world population is 6.5 billion.

The partial DNA profile from the epithelial cell fraction of the first vaginal smear slide (Item 3-1) is consistent with some unknown female.

The partial DNA profile from the sperm fraction of the second vaginal smear slide (Item 3-2) is consistent with a mixture from Gary Barnes and some unknown individual. Gary Barnes cannot be excluded as a contributor to the stain at the loci D8S1179, D21S11, D7S820, D3S1358, TH01, D13S317, D19S433, vWA, TPOX, D18S51, Amelogenin, D5S818, and FGA. At these loci, the probability of selecting an unrelated person at random who could be a contributor to the sperm fraction of the vaginal smear slide is approximately 1 in 30.84 million for Caucasians, 1 in 46.15 million for Blacks, and 1 in 7.358 million for Hispanics.

The partial DNA profile from the epithelial cell fraction of the second vaginal smear slide (Item 3-2) is consistent with the same unknown female.

The partial DNA profile from the sperm fraction of the third vaginal smear slide (Item 3-3) is consistent with a mixture from Gary Barnes and some unknown individual. Gary Barnes cannot be excluded as a contributor to the stain at the loci D3S1358, D13S317, D19S433, and Amelogenin. At these loci, the probability of selecting an unrelated person at random who could be a contributor to the sperm fraction of the vaginal smear slide is approximately 1 in 92 for Caucasians, 1 in 79 for Blacks, and 1 in 74 for Hispanics.

The partial DNA profile from the epithelial cell fraction of the third vaginal smear slide (Item 3-3) is consistent with the same unknown female.

The partial DNA profiles from the sperm and epithelial cell fractions of the final vaginal smear slide (Item 4) is consistent some other female. Gary Barnes is excluded as a contributor to the sperm and epithelial cell fractions of the vaginal smear slide.

The four vaginal smear slides (Items 3-1, 3-2, 3-3, and 4) were depleted during analysis. The remaining DNA extracts and the remaining samples of the buccal swabs from Gary Barnes (Items 1 and 2) will be stored frozen to preserve the biological constituents.

For comparison purposes, please submit known specimens from the victims. Contact the laboratory for instructions on the proper collection method for additional evidence.

We are unable to retain this evidence. Please make arrangements to pick it up at your earliest convenience.

James Nichols
Forensic Scientist
Texas DPS Garland Laboratory

# TEXAS DEPARTMENT OF PUBLIC SAFETY
## CRIME LABORATORY

## STR Data Worksheet

Lab Case # **L1D-184098**
Analyst **James Nichols**
Date **5/7/09**

( )=Weaker Alleles     NR=No Reaction     ND=Not Done     INC=Inconclusive



| Item # | D8S1179 | D21S11 | D7S820 | CSF1PO | D3S1358 | TH01 | D13S317 | D16S539 | D2S1338 | D19S433 | vWA | TPOX | D18S51 | AMEL | D5S818 | FGA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Item 1 Gary Barnes | 10, 13 | 28, 30 | 10, 10 | 11, 12 | 15, 16 | 7, 7 | 11, 12 | 9, 12 | 19, 21 | 10, 14 | 15, 17 | 8, 8 | 15, 16 | X, Y | 11, 13 | 21, 22 |
| Item 2 Gary Barnes | 10, 13 | 28, 30 | 10, 10 | 11, 12 | 15, 16 | 7, 7 | 11, 12 | 9, 12 | 19, 21 | 10, 14 | 15, 17 | 8, 8 | 15, 16 | X, Y | 11, 13 | 21, 22 |
| Item 3 Slide 1 (sp) | (10), 13, (14) | 28, 31.2 | NR | NR | (15), 16 | 7 | 9, 11, 12 | 9, 12 | NR | (10), 14, (15.2) | 15, 16, 17, 19 | 8 | NR | X, (Y) | (9), 11, (13) | NR |
| Item 3 Slide 1 (ec) | 13, 14 | NR | NR | NR | 16, 16 | 7, 7 | NR | NR | NR | 14, 15.2 | NR | NR | NR | X, X | NR | NR |
| Item 3 Slide 2 (sp) | (10), 13, 14 | (28), (30), 31.2 | 8, 10 | INC | (15), 16 | 7, (9.3) | 9, (11), 12 | INC | NR | (10), 14, 15.2 | 15, 16, 17, 19 | 8 | 15, (16) | X, (Y) | 9, 11, (13) *[hw: JN 5-13-09 INC 9,(11)]* | (21), 22, (25) |
| Item 3 Slide 2 (ec) | (13), 14 | NR | NR | NR | 16, 16 | 7, 9.3 | INC | NR | NR | 14, 15.2 | INC | NR | NR | X, X | 9, 11 | NR |
| Item 3 Slide 3 (sp) | NR | NR | NR | NR | (15), 16 | NR | 11, 12 | NR | NR | 10, 14, 15.2 | NR | NR | NR | X, (Y) | 9, 11 | NR |
| Item 3 Slide 3 (ec) | 13, 14 | NR | NR | NR | 16, 16 | NR | NR | NR | NR | 14, 15.2 | INC | NR | NR | X, X | 9, 11 | NR |
| Item 4 Slide (sp) | (12), (17) *[hw: JN 5-13-09 12,17]* | NR | NR | NR | INC | NR | NR | NR | NR | 15.2, 15.2 | NR | NR | NR | X, X | 11, 12 *[hw: 16,14 NR JN 5-13-09]* | NR |
| Item 4 Slide (ec) | 12, (17) *[hw: JN 5-13-09 INC]* | NR | NR | NR | INC | NR | NR | NR | NR | 15.2, 15.2 | NR | NR | NR | X, X | 12, (17) *[hw: 11,12 NR JN 5-13-09]* | NR |

**Conclusions:**

Item 3, slide 1,2,3 (sp)=mixture of Barnes and some other individual

Item 3, slide 1,2,3 (ec)=unknown female

Item 4 slide (sp) + (ec)=second female



EXHIBIT C

SOUTHWESTERN

## INSTITUTE OF FORENSIC SCIENCES

### AT DALLAS

**Forensic Biology Unit**

5230 Medical Center Drive
Dallas, Texas 75235

*FILED JUN 15 2009*

April 8, 2009

| | | |
|---|---|---|
| **Investigating Agency:** | Michelle Moore | **Laboratory #:** 80P2971 |
| | Dallas County Public Defender's Office | **New FL:** 08P1542 |
| | 133 N. Industrial Blvd., LB 2 | **Agency #:** 558910L |
| | Dallas, TX 75207 | **Cause #:** F80-16530-IJ |
| | | **Complainant:** Cynthia Jordan |
| | | **Defendant:** Gary Barnes |
| | | **Offense:** Sexual Assault |

## EVIDENCE:

Received by B. E. Harwood from PMH OB-GYN/EOR locked cabinet on December 3, 1980:
  K2.  Vaginal smear

Retrieved from SWIFS lockbox on September 9, 2008:
  (08P1542) 1.  Buccal swab standard from Gary Barnes

## RESULTS:

Portions of the following stored samples were subjected to a chemical process to extract deoxyribonucleic acid (DNA):

  K2T1.  Swabbing of vaginal smear
  (08P1542) 1.  Buccal swab standard from Gary Barnes

DNA was extracted from sample K2T1 (swabbing of vaginal smear) in a manner designed to yield two fractions: a fraction enriched for epithelial cell (female) DNA; and a fraction enriched for sperm cell (male) DNA. On occasion, the differential extraction method does not completely separate the two types of DNA due to the relative amounts of the two cell types present in a particular sample.

The DNA extracts from the above listed samples were amplified using the Polymerase Chain Reaction method, and typed for Amelogenin and the following nine (9) Short Tandem Repeat (STR) systems: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, and

Analyst Initials _____

EXHIBIT C

Page 2 of 3
FL#80P2971
April 8, 2009

D7S820. Sample (08P1542) 1 was amplified and typed for the following four (4) additional STR systems: D16S539, THO1, TPOX, and CSF1PO.

**Sample K2T1 (swabbing of vaginal smear)**

Epithelial cell fraction. No DNA profile was obtained from this fraction.

Sperm cell fraction. Spermatozoa were not detected in this fraction by microscopic examination. No DNA profile was obtained from this fraction.

**Table 1. DNA Profiles**

| STR System | (08P1542) 1. Buccal swab from Gary Barnes |
|---|---|
| Amelogenin | XY |
| D3S1358 | 15,16 |
| vWA | 15,17 |
| FGA | 21,22 |
| D8S1179 | 10,13 |
| D21S11 | 28,30 |
| D18S51 | 15,16 |
| D5S818 | 11,13 |
| D13S317 | 11,12 |
| D7S820 | 10,10 |
| D16S539 | 9,12 |
| THO1 | 7,7 |
| TPOX | 8,8 |
| CSF1PO | 11,12 |

*[Handwritten note:]* ← THESE ARE DNA TEST RESULTS SHOWING DNA PROFILE FOR GARY BARNES. JUST A PROFILE BUT NOT INDICATING ANY MATCH WITH THIS TESTING

**CONCLUSIONS:**

Inasmuch as no DNA profile was obtained from sample K2T1 (swabbing of vaginal smear), no comparisons or conclusions will be made regarding this sample.

**DISPOSITION OF EVIDENCE:**

Unused portions of the following samples have been stored, and are available for future testing: K2T1 and (08P1542) 1. Unused portions of DNA extracts of the following samples have been stored, and are available for future testing: K2T1 (epithelial and sperm cell fractions) and (08P1542) 1.

Analyst Initials _____

**EXHIBIT C**

Page 3 of 3
FL#80P2971
April 8, 2009

## ADDITIONAL COMMENTS:

In the event additional analysis is required, please notify the laboratory as soon as possible.

*Courtney Ferreira*

Courtney Ferreira
Forensic Biologist II
Direct Line:    214-920-5841
FAX:             214-920-5813
E-mail:  cferreira@dallascounty.org

---

cc:    Amy Murphy, Dallas County District Attorney's Office, Appellate Division

Analyst Initials _____

3

Mar 27, 2014

Gary Wayne Barnes   FILED

TDCJ-ID #318814 2014 APR -3 PM 3: 26

1100 FM 655, Ramsey

Rosharon   ,   Texas

77583

Gary  Fitzsimmons

District Clerk

Frank Crowley Courts Bldg.

133 N. Riverfront Blvd,  LB 12

Dallas Texas 75207 4313

Dear Clerk;

Enclosed plaese find for   filing  with  the Criminal District
Court number Three  a MOTION FOR APPOINTMENT OF INVESTIGTOR,

Please file the same with the court and return a filed copy
to the applicant;  I  Thank you in advance for your consideration
in this  above mentioned request;

Reseectfully Submitted

Gary Wayne Barnes
Gary Wayne Barnes #318814

Cause Numbers F-81-1105, F-81-1027    FILED

and F-80-16530    2014 APR -3 PM 3: 26

Gary Wayne Barnes                §        IN THE CRIMINAL

VS.                              §        DISTRICT COURT THREE ... TEXAS

                                 §        OF DALLAS COUNTY TEXAS    DEPUTY

THE    STATE OF TEXAS            §

                                 §

MOTION FOR THE APPOINTMENT OF AN INVESTIGATOR

TO   THE HONORABLE JUDGE OF SAID COURT:

Now comes Gary Wayne Barnes, the applicant   in   the   above entitled  and numbered causes  a petition in Pro- Se to request that the court  appoint an   Investigator   where   the   applicant has   requested  the  appointment  of   counsel   where there are new facts, newly discovered  evidence  of  the  origional filings systems of the Dallas Police  department,  Southwestern Institut- ute   of  Forecics  Science  and  the office of the Dallas County Clerks has documents  files  and   imformation  of  the  dates of the above mentioned  crimes, police reports , crime file numbers evidence files and the evidence  filing dates  for the offenses to which the applicant  has been convicted.

I.

In  open court on june 8, 2009 the applicant made a request  that the court  take "JUDICAL Notice" that the evidence which  was tested was not the proper evidence of the crime secnce to which the applicant was convicted. The applicant attempted   to  point  out  that the evidence which was tested at the  texas Department of Public safety No.   L1D-   184098,  was not the evidence of the actual crime scence;

Page 1.

Barnes 2.

The applicant was convicted on Feb, 27, 1981 for thee offense committed on July 4 1980, in the Dallas Police Department file number #506950-L and # 307064-L for offenses committed July 4, 1980 and the SWIFIS lab file numbers of # 80-P-1632 and # 80-P- 1635 for the evidence of the offense which was committed on the date of july 4, 1980.

This court in a ORDER GRANTING DNA TESTING varified that the evidence was locked in a box science the date of the offense in a certain chain of coustody.

The State presented at trial Extraneous offenses and evidence of SWIFS lab # 80-P- 2593 and DPD file number of # 482955-L as an extraneous offense being committed prior to and before the offense which was committed July 4, 1980.

The state presented at trial Extraneous offense and evidence of SWIFS lab # 80-80-P-2971 and DPD file number as an extraneous offense being committed on Dec. 2, 1980an offense that committred after the offense of July 4, 1980. DPD#558910-L

The filing order of both the DPD and SWIFS filing of the cases before and after the offense of July 4, 1980 proves that the lab numbers in # 80-P-1632 and # 80-P-1635 are not the actual evidence of the crime scence and that a records search shows that this evidence was on file at the SWIFS lab prior to and before the date to which the July 4, 1980 offense was committed.

II.

The applicant was granted DNA testing on Feb. 20, 2009 and that testing was prefromed by the DPS lab in number L1D-184098 as the filing systems will show that this is not and can not be the actual crime scence evidence.

Page 2.

Barnes 3.

The filing systems of both the Dallas Police Department and the files of the Southwestern Institute of Froenics science labproves that the state has introduced persented and tested the evidence which is not, was not the evidence of the actual crime scence.

### III.

The applicant was convicted in (2) two jury trials where the State filed it's notice of intent to uses extraneous offenses and to present extraneous evidence prusuant to Rules 404 and 609 of thre Texas Rules of Evidence and Article 37.07 of the code of Criminal proceedures.

By the use of this new inrormation that the evidence has never been presented the ant Jury or to the actual trial Judge the the applicant has not been given a fair trial and has been denied due process in a constitutional meaning of the actual evidence of the crime scence being presented to the court and entered upon the records.

### IV.

The files of both the DPD and SWIFS labs proves that there is a serious issue of testing the actual evidence as this evidence is still on file at the lab in the numbers filed as 80-P-2784 and 80-P- 2790, that was filed on July 4, 1980.

This evidence can be tested and this evidence will prove that the applicant is actusal innocence and that the victims are the actual victims of the crime to which the applicant has been convicted.

Page 3.

Barnes 4.

Applicant request the appointment of INVESTIGATOR in assisting a review by this court in determination as to the fact of the evidence so that a Order can be filed that a copy of the porition of the files of the Dallas police Department and the Southwestern Instutute of Forenics Science Lab be sealed for the future review of the appellate court when necessary.

Applicant request the appointment of Investigator to preserve and present affidivits to the court of the in Brief data of the DPD and SWIFS Lab of the filing systems that the correct dates that all evidence was reported and presented to the lab in accordance with the dates of each of the offeenses was committed as well as the evidence filed with the lab.

V.

Tha applicant can prove and present the facts that are related to the issue of the evidence and that the testing of said evidence proves that the applicant in actually innocence of the crimes to which he was convicted. In the intertrest of justice the applicant request that the Judge look to the facts look to the filing process of both of the above mentioned agencies which shows the the evidence used in the convictions was no file in the Lab filing systems prior to and before the date that the crime was committed.

Wherefore, Premises Considered, the applicant Prays that this court grant this Motion for the Appointment of Investigator;

Respectfully Submitted;

Page 4.

Barnes 5.

*Gary Wayne Barnes*

Gary Wayne Barnes

Pro-Se

#318814    TDCJ-ID

1100 FM   655, Ramsey

Rosharon, Texas 77583

Signed on this the   27, day of 2014

## CERTIFICATED OF SERVICE

A   true and correct copy  of the above and foregoing document has been delivered  to the office of the Dallas County Clerks officepursuant  to  the Texas Code of Criminal Procedures on this the  27  Th  day  of  March 2014by placing the same in the united States Mail;

Gary Wayne Barnes #318814

*Gary Wayne Barnes*

Page 5.

Gary Wayne Barnes #318814
1100 FM 655, Ramsey
rosharon, Texas 77583

Lagal Mail

NORTH HOUSTON TX 773

31 MAR 2014 PM 6 L

7520743412

DISTRICT CLERK
Gary Fitzsimmons
Frank Crowley Courts Bldg,
133 N. Riverfront Blvd, LB 12
Dallas, Texas 75207-4313

Cause Number's

F-80-16530'F-81-1105 and F-81-1027

Gary Wayne Barnes §    IN THE CRIMINAL DISRTICT

applicant, §    COURT NUMBER THREE OF

VS. §§    DALLAS COUNTY TEXAS

THE STATE OF TEXAS §

§

FILED

2014 MAR 28 AM 11:27

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO, TEXAS

_____DEPUTY

MOTION FOR APPOINTMENT OF COUNSEL

TO THE HONORABLE JUDGE  OF SAID COURT:

Now comes Gary Wayne Barnes, the applicant in the above- entitled and numbered cause's and moves the court to appoint Attorney to disclose all exculpatory evidence which the Southwestern Institute of Froenic Scence Laborotory has in it's possession and further that the evidence in the below SWIFS files to be obtained for the courts review in a determination as to what evidence therein is exculpatory and finally that the court order appointment of Attorney in a review of this below listed evidence as the applicant has been convicted in the above stated cause numbers where the evidence which was presented as the State's Exhibit's is not the actual evidence of the crime scence.

I.

The applicant should be appointed an Attorney as the applicant was granted DNA testing on Febuary 20, 2009 uneder chapter 64.03 and the said testing was preformed by the (DPS) department of Public Safety in number L1D-184098 the the results was submitted before this court on June 8, 2009.

Page 1.

Barnes 2.

## II.

A review of the records of the Dallas Police department (DPD) and the files of the Southwestern Institut of Froensic Science Labobotory (SWIFS) shows, proves that the State has introduced presented and tested the evidence which is not, was not the evidence of the actual crime scence.;

## III.

The applicant was convicted in (2) two trials where the State filed it's intentions to use Extraneous offenses/ Extraneoue Evidence pursuant the Rules 404 and 609 of the Texas Rules of evidence and article 37.07 of the code of criminal procedures.

The State presented at trial evidence in SWIFS file numbers 80-P-1632 and 180-P-1635 and the (DPD) file numbers 506950-L and 307064-L for offenses that occurred of July 24, 1980 with indictment's file numbers of F-81-1105 and F-81-1027.

The State presented at trial an Extraneous offense and evidence of SWIFS lab number 80-P -2593 and DPD file number 482955-L as an Extraneous offense being committed prior to and before the offerns was committed on July 4, 1980.

The State presented at trial an Extraneous offense and evidence of the SWIFS lab number 80-P-2971 and DPD file number 558910 L , as an extraneose offense that was committed after the offense of july 4, 1980 on Dec. 2, 1980.

Page 2.

Barnes 3.

### IV.

The evidence that was tested at the DPS in number L1D-184098 is not and can not be the evidence of the actual crime scence.

These are facts that will be shown by a review of the above listings and filing systems of both the Dallas Police Department and the southwestern Institute of forenic Science dated and numbering files.

The SWIFS LAB files shows that the evidence in files numbers 80-P-1632 and 80 -P-1635 was on file in the lab prior to and before the date of the offense of July 4, 1980.

The files shows that the extraneous in SWIFS files number 80-P-2593 and DPD file number 482955-L was on file at the lab before the crime was committed July 4, 1980, and that there is error in the lower numbers of 80-P-1632 and 80-P-1635 being the evidence of a crime that was committed on july as these are numbers of the Jan-Febuary 1980.

The evidence that has been tested as well as presented in this court as exhibits and in the DNA hearing on june 8,. 2009 is not the evidence of the actual crime scence.

### V.

The applicant request the appointment of Attorney to present the issues of the testing the actual evidence of

Page 3.

Barnes 4.

the crime scence still on file at the SWIFS lab in the showing that the applicant is actuall innocence and that the wrong evidence has been accepted as the state's exhibit's in a jury trial and in the chapter 64.02 hearing.

This evidence that can be tested is filed in the SWIFS files as P-80 2784 and P-2790 of July 4, 1980 that can be tested in showing the applicant is actual innocence and that the victims is the actual victim of the offense that occurred on the date of July 4, 1980., in the process of motioning the court said attorney can petition this court for the testing procedures as should be applied under chapter 64.03, 04.

The applicant requests a review by the court 's determination as to what evidence therein is exculpatory and that the court appoint Attorney of record , so that a Order can be filed that a copy of the portion of the DPD and SWIFS files deemed to be exculpatory be sealed for the future review by the appellate court when necessary.

Wherefore, Premises Concidered, the applicant prays that this court Grant this motion for the appointment of counsel in reviewing this above mentioning in assuring that the applicants constitiutional rights has been protected;

Restectfully Submitted;

Gary Wayen Barnes #318814
1100 FM 655, Ramsey
Rosharo, Texas 77583

Page 4.

Mar. 18, 2014

Gary Wayne Barnes #318814
1100 FM 655, Ramsey
Rosharon, Texas 77583

FILED
2014 MAR 83 AM 11: 27
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

Office of the Clerk
Gary Fitzsimmins
Frank Crowley Courts Bldg.
133 N. riverfront   LB 12
Dallas Texas 75207- 4313


    Dear Clerk;

    Enclosed please find the applicant motion for the APPOINT-MENT OF COUNSEL, to be filed in the CRIMINAL DISTRICT COURT THREE stamp file a copy and return to the appliucant;


    I'll thank you in advance for your time and consideration in the request;


    Respectfully Submitted;



Gary Wayne Barnes

Gary Wayne Barnes #318814
1100 FM 655, Ramsey Unit
Rosharon, Texas 77583

Legal Maill

NORTH HOUSTON TX 773

29 MAR 2014 PM 8 L

DALLAS DISTRICT CLERK
Gary Fitzsimmons
Frank Crowley Courts Bldg;
133 N. Riverfront, LB.12
Dall;as Texas, 75207-4313

752074341ZZ



# Dallas County
## Public Defender's Office

December 12, 2014

Gary Barnes, #318814
Ramsey Unit
1100 FM 655
Rosharon, Texas 77583

Dear Mr. Barnes,

Enclosed please find a copy of the Article 64.04 Findings in F81-01027-J, F81-01105-J and F81-02518-J that were signed by the Judge yesterday.

Should you choose to appeal these findings you must notify the court within 30 days of the date the order was signed at the following address:

Judge Gracie Lewis
Criminal District Court No. 3
Frank Crowley Courts Building
133 N. Riverfront Blvd., 6th Floor
Dallas, Texas 75207

Best of luck to you in the future.

Sincerely,

Julie Doucet
Assistant Public Defender

FILED
2014 DEC 11 AM 10: 36
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

CAUSE NOS. F81-01027-J, F81-01105-J, F81-02518-J

| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| V. | § | DISTRICT COURT #3 |
| | § | |
| GARY WAYNE BARNES | § | DALLAS COUNTY, TEXAS |

## ARTICLE 64.04 FINDINGS ON THE RESULTS OF POST-CONVICTION DNA TESTING

Pursuant to article 64.04 of the Texas Code of Criminal Procedure, this court makes the following findings:

1. In February of 1981, Barnes was found guilty of the aggravated rape of Y.O. (cause number F81-01027-QJ), the aggravated rape of E.R. (cause number F81-01105-QJ), and burglary of a habitation with intent to commit rape and theft (cause number F81-02518-J). The jury set punishment at confinement for life and assessed a $10,000 fine in each case.

2. On October 25, 2007, Barnes filed a formal motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. The State filed a response stating that it had no opposition to Barnes' request for nuclear DNA testing of what appeared to be vaginal smear slides collected during the victims' sexual assault examinations.

3. On February 19, 2009, this Court granted Barnes' motion and ordered the Texas Department of Public Safety (DPS) to first determine whether the slides still in the possession of the Southwestern Institute of Forensic Sciences (SWIFS) were in fact taken during the internal examinations of the sexual assault victims in these cases.

This Court further ordered DPS to conduct DNA testing on the slides and on known samples from Barnes and the victims.

4. In a report dated May 13, 2009, DPS informed this Court that it had conducted a visual inspection on the slides and confirmed that cellular material was detected on the slides.

5. In the same report, DPS informed this Court that it had completed DNA testing in these cases. The test results indicate that:

(a) Gary Wayne Barnes could not be excluded as a contributor to the sperm fraction of Item 3-1, a vaginal smear slide from Y.O. The probability of selecting an unrelated person at random that could be a contributor to the sperm fraction of the vaginal smear slide is approximately 1 in 6.789 million for African Americans.

(b) Gary Wayne Barnes could not be excluded as a contributor to the sperm fraction of Item 3-2, a vaginal smear slide from Y.O. The probability of selecting an unrelated person at random that could be a contributor to the sperm fraction of the vaginal smear slide is approximately 1 in 46.15 million for African Americans.

(c) Gary Wayne Barnes could not be excluded as a contributor to the sperm fraction of Item 3-3, a vaginal smear slide from Y.O. The probability of selecting an unrelated person at random that could be a contributor to the sperm fraction of the vaginal smear slide is approximately 1 in 79 for African Americans.

(d) No male DNA was obtained from item 4, a vaginal smear slide from E.R.

6. The State was unable to obtain buccal swabs from the victims for comparison purposes in these cases.

7. This Court further FINDS that had these DNA results been available during the trial of the offense, it is NOT reasonably probable that Barnes would not have been convicted. *See* TEX. CRIM. PROC. CODE art. 64.04(Vernon Supp. 2006).

Singed and entered this **11TH** day of _____ **Dec.** _____, 20 **14**.

_____
Gracie Lewis
Judge, Criminal District Court #3

Cause. numbers. F-81-1105, F-81-1027 and F-80-16530

| | | |
|---|---|---|
| GARY Wayne Barnes | § | IN THE CRIMINAL DISTRICT |
| applicant, | § | COURT NUMBER THREE. |
| VS. | § | |
| THE STATE OF TEXAS | § | DALLAS COUNTY TEXAS. |
| | § | |

FILED
2014 APR -4 PM 3:26

MOTION FOR POST CONVICTION

FRONENSIC DNA TESTING

PURSUANT TO Chapter 64.03

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Gary Wayne Barnes, the defendant in the above entitled causes by and through Pro-Se Motion, pursuant to Chapter 64 of the Texas Code of Criminal Procedures and would show on to the court in support of this motion for post-conviction Forensic DNA Testing the following;

I.

The applicant was convicted in (2) two Jury's Trials where the State filed Motion of Intent to use Extraneous offenses and Extraneous Evidences pursuant to Rule 404 and 609 of the Texas Rule of Evidence and Article 37.07 of the Texas Code of Criminal Procedures.

The State presented at trial in the causes numbers F-81-1105 and F-81- 1027 filed police reports of the DallAS police Department # 506950-L and 307064-L for the offenses committed on July 4, 1980. The State presented evidence of the southwestern Institute of Fronsic Science Lab in numbers 80-P-1632 and 80-P-1635 as beingvthe evidence of the crime scence of the offenses committed on July 4, 1980.

Page 1.

Barnes 2.

The State predented at trial an Extraneous offense and evidence of the SWIFS Lab ‡ 80-P-2593 and the Dallas Police report file number 482955-L for an offense committed against Janine Jay Kettering on may 10, 1980 an offense being committed prior to and before the offense of july 4, 1980.

The State presented at trial in cause number P-80-16530 as an Extraneous offense and Evidence of the SWIFS lab ‡ 80-P-2971 and the Dallas police report file number 558910-L as an Extraneous offense being committed on Dec, 2. 1980 being an offense "after" the offense committed on july 4, 1980. .

In the presentation of the States case in chief the introductions of the extraneous offenses a crime that took place prior to and before the case to which the applicant was on trial and a Extraneous offense that was committed "after" the offense to which the applicant was on trial.

In so doing the state presented a case time line as well as to show the filing systems for both the Dallas Police department and that of the Southwestern Institut of froecsic crime lab.

II.

A review of the Evidence filing systems for the offenses committed prior to before and after proves, shows that the evidence sumbitted in open court at the trial as well as on June 8, 2009 at the chapter 64 hearing is not and can not be the evidence of the actual crime scence.

The evidence that has been presented and tested in the numbers of "80-P-1632 and 80-P-1635 was on file in the SWIFS lab"

before and prior to the extraneous offense crime committed May 10, 1980,and the SWIFS filing systems shows that the numbers 1632 and 1635 , was reported in the month of Feb uary 1980 and (6) six months prior to the offense being committed;

The evidence that has been tested by the Department of public in file Numbers LlD-184098 shows in the "Submission Information report " the names of the victims are at error, naming both Renteria and Ketterninq as the victims.

The SWIFS filing systems has recorded that the Extraneous offense evidence 80-P-2593 was on file after the numbers of 1632 and 1635 and these numbers are not the evidence numbers for crimes of July 4, 1980.

The SWIFS files shows that the evidence for the crimes committed on july 4, 1980are in the numbers of 80-P2784 and 80-P-2790 and this said evidence in still on file at the lab and can be tested to showing that the victims are in fact the victims to the offense which was committed no july 4, 19880 and also showing and proving that the applicant in actual innocens.

This evidence proves that the appliaant did not commit the crimes to which he has been convicted as there is biological material secured inm relation to the above -entitled and numbered causes , including but not limited to a viginal smears from Renteria and Oviedo as well a reference samples from the applicant.

Despitepast testing of the wrong evidence, the wrong evidence, The newly discovered evidence of the july 4, 1980

Barnes 4.

presently sits in the SWIFS lab a vaginal smear still remains available for testing. The evidence was in the possession of the State during the prosecution of the offense and remains in the poession of the State , being housed at the SWIFS lab.

### III.

There was DNA testing done in this case. Theese test results did not show the applicant is the person who has committed the offense s to which he has been convicted as that evidence has never been tested which has not allowed for the court to make a favorable finding as the actually evidence of the crime scence has never been presented to the court or has that evidence been tested.

### IV.

Idenity was and is an issue in this case. It is a reasonable probability that the applicant would not have been prosecuted or convicted had the court had Knowledge that the evidence which has been presented , introduced as state's exhibits and tested by the Texas Department of public Safety is not the actual evidence of the actual crime scence.

### V.

The applicant makes this request in the interest of justice , and this request is not made to unreasonable delay the execution of the sentences or administration of Justice.

Page 4.

Barnes 5.

WHEREFORE, PREMISES CONSIDERED, the applicant herein wwould respectfully Pray that this court order the requested DNA testing be done, Applicant prays for such other relief as to which the applicant may be entitled.

Respectfully Submitted

*Gary Wayne Barnes*

Gary Wayne Barnes #318814

1100 FM 655, Ramsey Unit

Rosharon, Texas 77583

Pro-Se

*March 30th 2014*

Page 5.

Case # L1D- 184098     Date: 3/10/09     Examiner Initials: JN     Page # _____

| CONTROLS | TMB | LMG | AP | ALS |
|---|---|---|---|---|
| | (+) ☐ | | (+) ☐ | (+) ☐ |
| | (-) ☐ | | (-) ☐ | (-) ☐ |

Submission form states (R████) - the items are labeled

with a K.

(4) Slide holder labeled -

FL #: 80P1635

Item: K2

CP: K████

Initials: Illegible

Date: January 16, 2001

contains - 1 slide labeled 80P1635

K2 SBW.

Slide appears PIC/NFR stained -

Viewed at 600x -

Sperm - 0-1 with tail /field, ECs 3-20/field

K████

Each slide from Items 3 + 4 scraped and collected

into individual 2ml microcentrifuge tubes.

SLIDE 4 WAS TO BE FROM E. RENTERIA, ACCORDING
TO 5/13/09 DNA REPORT FROM THE GARLAND LAB.
HOWEVER THE GARLAND LAB INFO. SHEET (3/10/09) LOOKS
AS THOUGH THAT 4th SLIDE HAD THE NAME KETTERING
ON IT. THE "K" IS CLEARLY VISIBLE.

## BARNES LAB REPORT INFORMATION:

Texas Police Lab Case # for all involved: #L1D-184098

<u>*LAB TESTING*</u>

<u>RENTERIA, Elizabeth</u>   (Rape Date 7/4/80)
        SWIFS Lab # FL80P1635

*THIS IS A JULY 1980 NUMBER PER BARNES*

    X Agency #506950L
       Agency Case #/ Cause # F81-01105 J
       NEW LAB # 08P0918 (Assigned by SWIFS in 2008
       when original specimen appeared to be missing
       from storage)

       Per Barnes, her number is also 80P2784

6/12/08 - Lab could NOT
  find evidence in storage.
  New Lab # assigned for
  administrative purposes

2/26/09 K2 Vag Smear
located in SWIFS Storage
with#'s 80P1635/F8101105

2/27/09 Smear sent to State
Lab (Garland) c/o Manuel
Valdez

3/10/09 Garland Lab logged
in slide holder #80P1635(K2)
Label: CD K-------------
.(Name redacted but letter K
clearly visible as first letter)
1/16/01 Slide 80P1635
    K2 SBW (probably indi-
    cates stain used)
    Shows sperm with tail

---

    <u>OVIEDO, Yvette</u>   (Rape Date 7/4/80)
        SWIFS Lab #FL 80 P1632
      X Agency # 307064L
      NEW LAB # 08P0919 (Assigned by SWIFS in 2008

*THIS IS A NOV. 1978 NUMBER PER BARNES*

      when original specimen appeared to be  missing
      from storage)

Dates may be in error

      Agency Case/Cause # F81-01027 J

      Per Barnes, her number is also 80P2790

K2 Vag. Smear (FL#80P1632)
7/17/08 - SWIFS could .
  NOT locate evidence in
  storage. New Lab # assigned
  #08P0919.

/3/17/09 Lab loated K2 smear *(THIS DATE MAY ACTUALL BE 2/26/09)*
u.sing original #80P1632
\2/27/09 Lab sent smear to
  Texas State lab (Garland)
  C/o Manuel Valdez
3/10/09 Garland lab logged in
  1 clear bag & 2 sealed slide
  holders with 3 slides
  (#80P1632)#1 slide contains
  sperm with tails; #2 & #3
  contain unstained cellular
  material

(Garland converted these 3 slides to 6 slides for test purposes)

JORDAN, Cynthia (Rape Date 12/2/80)
    SWIFS #FL 80 P2971
    Cause #F8016530
    DPD #558910L

12/3/80: K1 vag. swab
    K2 vag smear (found in lab
      on 7/08)
    K3 blood sample
    K4 pubic hair combings
    K5 pubic hair cuttings
    K6 anal smear on slide
Results of testing:
    K1 - seminal fluid
    K2 - sperm
    K3 - blood group
    K4 & K5 - nothing
    K6 - no sperm
    K7 - blue jeans - seminal
      fluid & sperm
    K8 - bedspread - nothing
      (No longer in lab)
4/8/09 - K2 used to extract DNA
    (Became K2T1) divided
    to yield two fractions: female
    epithelial cells & male sperm
    cells
Results of testing:
    Epi. Cells: No DNA profile
      Could be obtained
    Sperm - No DNA obtained
    Thus no comparisons
    possible

---

BARNES, Gary
    SWIFS #FL08P1542   (Buccal Swab)

    2009 Lab Case # L1D 184098

    Case #F8101027

    Case # F80 16739   Dism
    Case #F80 16740   Dism

1/9/81 Q1 Blood Sample
    Q2 Saliva Sample
    Barnes is Type O, PGM
      Enzyme Type 2-1
      & Secretor of Bld
      Blood Group O(H)

9/9/08 Buccal Swab (08P1542)
    Stored in lab
4/8/09 Portion of sample amplified
    For DNA typing
    Results: No comparison to
      Jordan possible
      because there was no
      DNA available in
      Jordan's samples

KETTERNING, Jennen (Rape Date 5/80)
     #FL 80 P2593
     DPD #482955L


RENTERIA, Joe   (father of Elizabeth)
     Case # or SWIFS #F81-02518
     Texas Crime Lab Case #L1D-184098 (2009)

NO TESTING

## Cause No. F80-16530-J, F81-01027-J
## F81-01105-J & F81-02518-J

| | | |
|---|---|---|
| THE STATE OF TEXAS | ( | IN THE CRIMINAL |
| VS. | ( | DISTRICT COURT #3 |
| GARY WAYNE BARNES | ( | DALLAS COUNTY, TEXAS |

### AFFIDAVIT IN SUPPORT OF MOTION FOR DNA TESTING

I am Gary Wayne Barnes. On February 25, 1981, in Cause Numbers F81-01027-J and F81-01105-J, I was found guilty of aggravated rape and was sentenced to life in the penitentiary. On February 25 1981, in Cause Number F81-02518-J, I was found guilty of burglary of a habitation with the intent to commit rape and was sentenced to life in the penitentiary. On February 27, 1981, I was found guilty of aggravated rape in Cause Number F80-16530-J and was sentenced to life in the penitentiary. Notices of appeal were filed in these cases on March 20, 1981. The appeals were denied, and the mandates were affirmed on November 5, 1982.

I state that the following is true and correct:

1. To the best of my knowledge, there was evidence obtained in relation to these cases that consisted of biological material. This evidence included, but is not limited to, rape kits taken on the victims. The evidence was in the possession of the State during these cases.

2. The evidence, to the best of my knowledge, was not subjected to DNA testing or comparison DNA testing with my DNA. The testing not being done was through no fault of my own.

3. The ultimate question in these cases was whether I, Gary Wayne barns, committed the offenses of aggravated rape and burglary of a habitation with the intent to commit rape. There is a reasonable probability that it would show that I did not commit these offenses if DNA forensic testing was done on the biological material.

4. I make this request in the interest of justice and not to unreasonably delay the execution of sentence or administration of justice.

I  Gary Wayne Barnes TDCJ-ID 318814 am presently incarcerated in the Texas Department of criminal Justice, Institutional Division at the Ramsey One unit 1100  Fm 655,  Rosharon,  Texas 77583 and declare  under penalty of  perjury  that the foregoing is  true and correct;

Executed on this the  31 th Day of March 2014.

_Gary Wayne Barnes_ #318814
Signature  Gary Wayne Barnes #318814

Mar 31th 2014

FILED

2009 JUL 23 AM 9: 22

CAUSE NO. F80-16530-J, F81-01027-J
F81-01105-J & F81-02518-J
DALLAS CO., TEXAS
DORIS GODBOLD, DEPUTY

| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT #3 |
| GARY WAYNE BARNES | § | DALLAS COUNTY, TEXAS |

### MOTION TO WITHDRAW AS COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Michelle Moore, attorney of record for the Defendant in the above-styled and numbered causes, and moves the Court to enter an order permitting movant to withdraw as counsel of record in this cause for the following reasons:

I.

Counsel was appointed on this case by Judge Bobby Francis.

II.

Gary Wayne Barnes was sentenced to life in all of his cases. Mr. Barnes has since asked for and received post-conviction DNA testing in all of these cases.

III.

A finding was entered in Cause Numbers F81-01027-J, F81-01105-J and F81-02518-J, on June 8, 2009, which stated that had the DNA test results been available during the trial of these offenses, it is NOT reasonably probable that Barnes would not have been convicted. The test results in these cause numbers which did not exclude Barnes as the perpetrator in these crimes were entered into the court file.

IV.

In Cause Number F80-16530-J, no male profile was found by testing the rape kit from the original investigation of the case. Because STR testing was utilized in Barnes' case, the judge denied additional Y-STR testing.

## V.

All testing in this case has been granted and received. No other testing will be done through Article 64 of the Texas Code of Criminal Procedure.

## VI.

The granting of this Motion will not have a material adverse effect on the interests of the defendant as he may file his notice of appeal.

## VII.

Counsel requests that this motion be filed.

WHEREFORE, Movant prays the Court grant this motion and order that Michelle Moore be released as counsel of record in this cause.

Respectfully submitted,

Michelle Moore
Assistant Public Defender
133 N. Industrial Blvd., LB 2
Dallas, Texas 75207
(214) 653-3564
State Bar No. 14362150
ATTORNEY FOR DEFENDANT

## CERTIFICATION

I hereby certify to the Court that a true and correct copy of the above and foregoing motion has been served on the Assistant District Attorney of Dallas County via inter-office mail on the same date of filing herewith.

Michelle Moore

## ORDER

On this _23rd_ day of ___July___ 2009, the Court, having considered the above and foregoing motion finds the same is hereby **GRANTED /** **DENIED.**

_Gracie Lewis_
Judge Gracie Lewis
Criminal District Court #3

Exhibit I

Cause Number: F81-01027-J
F81-01105-J
F81-02518-J

| THE STATE OF TEXAS | § | IN THE CRIMINAL |
|---|---|---|
| VS. | § | DISTRICT COURT NO. 3 |
| GARY WAYNE BARNES | § | DALLAS COUNTY, TEXAS |



## ORDER DENYING DEFENDANT'S REQUEST FOR RETESTING

The Defendant, Gary Wayne Barnes, appearing *pro se*, has filed a request with the Court to consider a media produced videotape of the DNA test taken pursuant to a post-conviction DNA testing in the above-numbered and styled cause to support his request for retesting.

The court, after considering the pleadings of the movant, the requirements of 64.01, 64.03 and 64.04 of the Texas Code of Criminal Procedure, the record, and the Court's own personal experience and knowledge, concludes that the movant, Gary Wayne Barnes, is not entitled to relief under Chapter 64 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. Art 64.03.

The Court finds that Defendant's request fails to meet the requirements of Chapter 64 of the Code of Criminal Procedure in that he has shown no evidence that the test conducted was faulty, or if it was faulty, that an uncompromised sample still exists.

**IT IS THEREFORE ORDERED** that Defendant's request for additional DNA testing is hereby **DENIED**. The Clerk of the Court is directed to send a copy of this order to movant, Gary Wayne Barnes, #08063282 N 2W-2, P.O. Box 660334, Dallas, Texas 75266, TX 75207, and to counsel for the State.

SIGNED this ___12TH___ day of ___Nov.___, 2009

___Gracie Lewis___
GRACIE LEWIS, JUDGE
CRIMINAL DISTRICT COURT NO. 3
DALLAS COUNTY, TEXAS

NOV 19 2009

F81-01027-QJ
F81-01105-QJ
F81-02518-J

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| vs. | § | COURT NUMBER 3 OF |
| | § | |
| GARY WAYNE BARNES | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING GARY WAYNE BARNES'S MOTION
## FOR POST-CONVICTION DNA TESTING

Barnes was charged with the aggravated rape of Y.O. (cause number F81-01027-QJ), the aggravated rape of E.R. (cause number F81-01105-QJ), and burglary of a habitation with the intent to commit rape and theft (cause number F81-02518-J). A jury found appellant guilty and assessed a life sentence in all three cases; the jury also imposed a $10,000 fine in each case. On August 31, 1982, the Dallas Court of Appeals affirmed his convictions.

On October 25, 2007, Barnes, through court-appointed counsel, filed a formal motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. The State filed a response to Barnes's motion on February 18, 2009, agreeing that Barnes had met the statutory requirements for entitlement to post-conviction DNA testing. Accordingly, the State does not oppose DNA testing of what appear to be vaginal smears that still exist in connection with these cases. The State also does not oppose testing, for comparison purposes, of known DNA samples to be obtained from Barnes and the victims, and any of the consensual sex partners that the victims may have had in the seventy-two (72) hours prior to the rape. The State does not, however, waive

any arguments regarding the integrity of the evidence to be tested or the interpretation of any test results under Chapter 64 or a subsequent 11.07 writ.

The Court, after considering the pleadings of both parties, the requirements of Chapter 64, the record in these cases, and the Court's own knowledge and experience, grants Barnes's unopposed request for DNA testing of the evidence currently located at the Southwestern Institute of Forensic Sciences (SWIFS). The Court also grants DNA testing, for comparison purposes, of saliva samples to be obtained from Barnes and the victims, and any of the consensual sex partners that the victims may have had in the seventy-two (72) hours prior to the rape.

The Court makes the following findings in support of its rulings:

*Existence of Evidence Containing Biological Material*

1.     In relation to this case, SWIFS still possesses two slides, which appear to be vaginal smears taken during the victims' sexual assault examinations at Parkland Hospital.

2.     The vaginal smears were secured in relation to the offenses that are the basis of the challenged convictions.

3.     The evidence appears to be in a condition making DNA testing possible.

4.     The evidence was in the State's possession during the trials of the offenses.

5.     The evidence has been subjected to a sufficient chain of custody.

6.     Additionally, for comparison purposes, the State will attempt to obtain known DNA samples from Barnes and the victims, and any of the consensual sex partners that the victims may have had in the seventy-two (72) hours prior to the rape.

7.     Because SWIFS has been unable to confirm the nature of the slides it has labeled "K2" in each of the victim's specific laboratory numbers, the slides need to be examined to determine whether they were taken as part of the internal examinations of the victims or whether they contain hair or fiber evidence.

8.     Accordingly, Barnes has met his burden of demonstrating that evidence containing biological material still exists in relation to these cases and is in a condition making DNA testing possible. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A) (Vernon Supp. 2008).

*Identity*

9.     Identity was and is an issue in these cases. The perpetrator was a stranger to the victims. Barnes's defense at trial was misidentification; his wife testified that he was at home the night of the offenses.

10.    Accordingly, Barnes has met his burden of demonstrating that identity was or is an issue in these cases. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (Vernon Supp. 2008).

*Significance of Exculpatory Results*

11.    Barnes has met his burden of establishing, by a preponderance of the evidence, that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A) (Vernon Supp. 2008). The DNA test results will only be considered exculpatory for purposes of Chapter 64, however, if (1) testing yields a male DNA profile that matches neither Barnes nor any male with whom the victims engaged in consensual intercourse in the seventy-

3

two (72) hours prior to the rape; and (2) testing yields female DNA profiles that match the victims, thus confirming that the biological evidence tested was indeed collected from the victims in these cases. Moreover, DNA test results will only be considered exculpatory if a visual examination concludes that the slides were obtained from internal examinations of the victims; test results will not be exculpatory if a visual examination concludes that the slides contain hair or fiber evidence.

### Administration of Justice

12. Barnes has met his burden of establishing, by a preponderance of the evidence, that his request for DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(B) (Vernon Supp. 2008). Barnes is currently serving his sentences in these cases.

### Choice of Laboratory

13. DNA testing will be conducted by the Texas Department of Public Safety (DPS). *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(c)(1) (Vernon Supp. 2008).

14. The proposed testing could consume the evidence, and both parties have agreed to this condition.

Based on the above findings, the Court GRANTS Barnes's request for post-conviction DNA testing of what appear to be vaginal smears currently in the possession of SWIFS. The Court further grants DNA testing, for comparison purposes, of known saliva samples from Barnes and the victims, and any of the consensual sex partners that the victims may have had in the seventy-two (72) hours prior to the rape.

4

The Court ORDERS that:

1. Within ten (10) days of the date this order is entered, this Court shall issue a bench warrant, transferring Barnes from the Institutional Division of the Texas Department of Criminal Justice to the Dallas County Jail. Upon Barnes's arrival at the Dallas County Jail, an agent of the State shall collect a buccal swab, thumbprint, and photograph.

2. An agent of the State shall transfer Barnes's buccal swab, thumbprint, and photograph, along with a copy of this order, to the Department of Public Safety Laboratory, attention: Manuel Valadez, 350 W. I-30, Garland, Texas 75043, telephone 214-861-2000, maintaining a proper chain of custody.

3. Within a reasonable amount of time after this order is entered, an agent of the State shall attempt to obtain buccal swab DNA samples from the victims in these cases. The State shall also attempt to determine whether the victims had consensual intercourse within seventy-two (72) hours of the rape. If so, the State shall attempt to obtain buccal swabs from those consensual sex partners. The victims and their consensual sexual partners have no legal obligation to provide their DNA samples to the State.

4. If the State obtains DNA samples from the victims and any consensual sex partners, an agent of the State shall transfer the samples to the Department of Public Safety Laboratory, attention: Manuel Valadez, 350 W. I-30, Garland, Texas 75043, telephone 214-861-2000, maintaining a proper chain of custody.

5. DPS shall, upon receipt, visually inspect the slides to determine whether the slides were obtained during internal examinations of the victims or if the slides contain hair or fiber evidence. Upon completion of the visual inspection, DPS shall notify all parties of it conclusions regarding the nature of the slides.

6. If the slides are confirmed to have been taken from internal examinations of the victims and do not contain hair or fiber evidence, DPS shall conduct DNA testing of the slides and reference samples.

7. The DNA testing shall be conducted under reasonable conditions designed to protect the integrity of the evidence and the testing process.

8. The DNA testing shall employ a scientific method sufficiently reliable and relevant to be admissible under Rule 702 of the Texas Rules of Evidence.

9. On completion of the DNA testing, the results of the testing and all data related to the testing required for an evaluation of the test results shall be immediately filed with this Court and copies of the results and data shall be served on the movant, via his attorney of record, Michelle Moore (Dallas County Public Defender's Office, 133 N. Industrial Blvd., LB 2, Dallas, Texas 75207); and on the attorney representing the State, Amy Sue Melo Murphy (Dallas County District Attorney's Office, Appellate Division, 133 N. Industrial Blvd., LB 19, Dallas, Texas 75207).

10. The State of Texas shall bear the costs of all testing conducted pursuant to this order.

6

THE CLERK IS FURTHER ORDERED to send a copy of this order to:

(1) Department of Public Safety Laboratory, attention: Manuel Valadez, 350 W. I-30, Garland, Texas 75043;

(2) Amy Sue Melo Murphy, Dallas County District Attorney's Office, Appellate Division, 133 N. Industrial Blvd., LB 19, Dallas, Texas 75207; and

(3) Michelle Moore, Dallas County Public Defender's Office, 133 N. Industrial Blvd., LB 2, Dallas, Texas 75207.

Signed and entered this ___19th___ day of ___Feb.___, 2009.

_____
Judge Gracie Lewis
Criminal District Court No. 3
Dallas County, Texas

7

## CONCLUSION

The movant request that the court consider this appeal of the findings of the DNA testing in the actual crime scence evidence has been withheld, and the evidence of a set of unrelated offenses has been tested through no fault of the movant;

In the interest of justice the movant has shown that he has been illgeally convicted using falty evidence that has nothing to do with the offenses committed on July 4 ,1980.

Movants Attachements and Exhibits in support of the facts and i. .a. jurists of reason would find it debateable that the evidence presented, introduced and exhibited as the states Exhibit's can support the convictions, Verdicts, Judgements and the sentences where the movant has a valid claim s of the denial of constututional rights.

Wherefore Premises considered movant prays that this court grant leave to file an appeal as the movant has shown that he has been granted DNA Testing but through no fault of his own the wrong evidence was tested;

The actual crime scence evidence is still on file and with this being the case and the imformation given in the court files , records the movant is entitle to a new trial in violation of brady V. Maryland, as the actual crime scence evidence has been withheld;

Respectfully Submitted

Gary Wayne Barnes #318814
TDCJ-ID Ramsey Unit
1100 FM 655.
Rosharon, Texas 77583

Executed on this the 26,day
of Dec, 2014

Dec 26,2014

## CERFIFICATE OF FILING OF SERVICE

I Gary Wayne Barnes, hereby certify that I file with the clerk of the Court and serve the following Motion of Appeal as required by the Texas Code of Criminal Proceedures as authorized by the Chapter 64.04 for DNA testing in support of this motion on this the 26 day of Dec. 2014 by placing the same in the United States mail on this the 26 day of Dec. 2014, in the prison Unit mail-room box , first class mail the origional to ;


Gary Fitzsimmons
District Clerk
Frank Crowley Courts Buldg
133 N. Riverfront Blvd LB 12
Dallas Texas 75207-4314


Gary Wayne Barnes   #318814
TDCJ-ID
1100 FM 655, Ramsey Unit
Rosharon Texas 77583

Executed on this the 26 day of Dec,
2014

Dec 26, 2014

XX RETURNED SERVICE REQUESTED

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE**

12/5/2014

**BARNES, GARY WAYNE Sr.** Tr. Ct. No. W81-01027-J(I) WR-12,658-18
On this day, the application for 11.07 Writ of Habeas Corpus has been received and presented to the Court.

Abel Acosta, Clerk

GARY WAYNE BARNES SR.
RAMSEY I UNIT - TDC# 318814
1100 FM 655
ROSHARON, TX 77583

3-2-16B

exhibit k